RICHARD FITZPATRICK, Plaintiff, v. WILLIAM D. TWEDDLE, as Executor of and Trustee Under the Will of THOMAS B. TWEDDLE, Deceased, Defendant.

*Negligence — loss of a horse and cart off a dock — alleged defective condition of the dock — contributory negligence of the driver.*

The driver of a horse and cart used in unloading material from a boat at a dock, instead of expending a little labor in removing the refuse material which had accumulated against a string piece at the outer edge of the dock, so that the string piece would prove a sufficient barrier, took the chance of using the dock in the obviously dangerous condition in which he found it, and backed the cart against the string piece alongside of which the refuse material had accumulated. The cart, instead of being stopped thereby, went off the dock and was lost, together with the horse and harness.

*Held,* that the driver was guilty of contributory negligence, which would prevent his employer from recovering damages for the loss of the horse, cart and harness, from the person in possession of the dock, on the ground that the latter was negligent in permitting refuse material to accumulate along the string piece.

MOTION by the plaintiff, Richard Fitzpatrick, for a new trial, made on a case containing exceptions ordered to be heard in the

first instance at General Term, on the dismissal of the complaint at the New York Circuit on the 11th day of May, 1893.

*Michael J. Scanlan*, for the plaintiff.

*Maurice Untermyer*, for the defendant.

FOLLETT, J.:

This action is for the recovery of damages for the loss of personal property caused, it is alleged, by the negligence of the defendant. On the 10th of December, 1891, and for five years previous thereto, the defendant was the owner, as trustee, and in possession of a dock on the north side of East Forty-eighth street, which had a frontage of 100 feet on East river, and extended westerly from the river 188 feet. A string piece from eight to ten inches square was fastened along the east edge of the dock to prevent carts from being backed into the river.

Campbell & Co. were dealers in broken stone and sand, having a place of business on the south side of Forty-eighth street, and 100 feet west of the river. Before the accident Campbell & Co. had used the dock for the purpose of unloading their material from boats lying by it. Refuse material had been permitted to accumulate on the dock, covering a space of about sixteen feet in width, and to such an extent that the upper surface of the string piece was but about two inches above the surface of material which lay against the stringer. This accumulation was at the place where the material of Campbell & Co. was discharged from the boats to the carts for removal to their yard. A derrick for hoisting material from the boats to the carts stood near the place where the material had accumulated, and the part of the dock which was not incumbered by refuse material was not as convenient for the purposes of Campbell & Co., but it might have been used by them. On the 10th of December, 1891, the plaintiff, through his employees, was engaged with two carts in taking the material from a boat to the yard of Campbell & Co., which work was begun on the day previous. The empty carts were driven on the dock and then backed down to its edge for the purpose of receiving the material from the derrick. On this stringer there was a cleat two feet and four inches long and about five inches high, which was used for the purpose of fastening

vessels to the dock. At the time of the accident the driver of one of the plaintiff's carts backed down towards the edge of the dock, intending that one of the wheels of the cart should strike against the cleat and so check its motion, but, by a miscalculation of the driver, the wheel did not strike squarely against the cleat, but passed by one end of it, and the horse, cart and harness went into the river and were lost. The only negligence complained of is that the defendant permitted the refuse material to accumulate against the string piece so that it did not present a sufficient barrier for the carts. The accident occurred about two o'clock in the afternoon. The driver had been engaged during all of that day and the day before in unloading the boat. It was testified that the situation of the dock was apparent and the danger obvious. Instead of expending a little labor in removing this refuse material to one side so as to have uncovered the stringer, which would have presented a sufficient barrier, the plaintiff's employees preferred to use the dock in its then condition. At the close of the plaintiff's evidence, the complaint was dismissed on the ground that the negligence of the plaintiff's driver contributed to the accident. This is plainly so. He took the chances of using the dock in the condition in which he found it, and made a miscalculation by which the plaintiff's property was lost.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.